**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JUAN J. TORRES,** | ) | |
| **#N84619,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-00768-NJR** |
| | ) | |
| **HARRIS,** *Dietary Supervisor,* | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Juan J. Torres, an inmate of the Illinois Department of Corrections currently incarcerated at Pinckneyville Correctional Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges he has been denied a job because of his disability in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). He also asserts due process and equal protection claims. He seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff alleges he was not able to obtain a job at Pinckneyville due to being wheelchair bound. (Doc. 1, pp. 3, 4). Plaintiff submitted a request slip to his counselor inquiring about the

types of jobs he could have while in a wheelchair. (*Id.*, p. 3). His counselor responded that he could be approved for a job in dietary or as a porter, but informed him that there were no ADA jobs in dietary. (*Id.*, pp. 3, 14). Plaintiff does not believe he can be a porter because he cannot sweep from his wheelchair, and his chair will not fit in the laundry room. (*Id.*, p. 3). Instead, Plaintiff requested a job in the kitchen from dietary supervisor Harris. (*Id.*, p. 3, 4). He submitted a request slip to Harris, but Harris has never responded to Plaintiff's request. (*Id.*, p. 3). Plaintiff alleges that Harris violated the ADA, RA, and his due process and equal protection rights in denying him a job in the prison dietary. (*Id.*, p. 7).

Based on the allegations in the Complaint, the Court finds it convenient to divide this action into the following counts:

**Count 1:**     **ADA and/or RA claims for failing to provide Plaintiff with a job in dietary.**

**Count 2:**     **Dietary Supervisor Harris violated Plaintiff's due process rights by failing to provide Plaintiff with a job in dietary.**

**Count 3:**     **Dietary Supervisor Harris violated Plaintiff's equal protection rights by failing to provide Plaintiff with a job in dietary and because there are no ADA jobs in dietary.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## **Discussion**

*Count 1*

As a preliminary matter, the Court notes that Plaintiff has not named a proper defendant with respect to Count 1. The proper defendant with respect to the ADA and RA claims is the agency, in this case the Illinois Department of Corrections, or its director (in his official capacity). See 42 U.S.C. § 12131(1)(b); *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 n.2 (7th Cir. 2012) (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Normally, the Court would give Plaintiff the opportunity to correct this mistake by amendment. As explained below, however, even if Plaintiff had named a proper defendant, his ADA and RA claims would fail. Accordingly, amendment would be futile.

The Seventh Circuit has held that the ADA does not apply to the employment of prisoners. *Starry v. Oshkosh Correctional Institution*, 731 F.App'x 517 (7th Cir. 2018). In *Neisler v. Tuckwell*, the Court held that workplace discrimination on the basis of a disability in connection with paid prison employment is not covered under Title II. 807 F.3d 225, 227-28 (7th Cir. 2015) (citations omitted). In *Murdock v. Washington*, the Court found that Title I did not apply because plaintiff was "an inmate of the prison, not an employee or job applicant" 193 F.3d 510, 512 (7th Cir. 1999). Additionally, the Eleventh Amendment shields the prison from suits seeking damages under Title I. *Starry*, 731 F.App'x at 519; *Neisler*, 807 F.3d at 228.

Nor is there a viable claim under the RA. *Starry*, 731 F.App'x at 519. As with Title II of the ADA, the RA prohibits a disabled person from being excluded from participating in, being denied the benefits of, or being subjected to discrimination in any program or activity that receives federal funds. 29 U.S.C. § 794(a). The Seventh Circuit has held that paid prison employment does not constitute an activity, service, or program. *Neisler*, 807 F.3d at 227-28.

For these reasons, Plaintiff's ADA and RA claims will be dismissed with prejudice.

### Count 2

Prisoners have no liberty interest in prison employment and, therefore, Plaintiff cannot state a due process claim. *Starry v. Oshkosh*, 731 F.App'x 517, 518 (7th Cir. 2018) (citing *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *see also Garza v. Miller*, 688 F.2d 480, 485–86 (7th Cir.1982). As such, Plaintiff's due process claim will be dismissed with prejudice.

### Count 3

To state a claim of discrimination under the Fourteenth Amendment equal protection clause, Plaintiff must show "that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (quoting *McNabola v. Chicago Transit Auth.*, 10 F.3d 501 (7th Cir. 1993)). A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir. 1987) (citing *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir.1982)). To state a claim for unconstitutional discrimination, the Complaint must suggest that a prison official "singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group." *Nabozny v. Podlesny*, 92 F.3d 446, 453–54 (7th Cir.1996) (quoting *Shango*, 681 F.2d at 1104).

Plaintiff's equal protection claim[2] is based on (1) one request slip he sent to Harris

---

[2]A class-of-one equal protection claim is not viable with regard to prison employment. *See Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 594 (2008) ("a 'class-of-one' theory of equal protection has no place in the public employment context."); *Robinson v. Morris*, No. 17-cv-001381-JPG, 2018 WL 659203, at *7 (S.D. Ill. Feb. 1, 2018); *Alexander v. Lopac*, No. 11 C 50012, 2011 WL 832248, at *2 (N.D. Ill. March 3, 2011) (dismissing at threshold stage class-of-one claim for denial of position in prisoner work program) (collecting cases); *Floyd v. Blaesing*, No.

requesting a job in dietary in which he mentioned he uses a wheelchair and (2) his counselor's statement that there are no ADA jobs in dietary. The fact that he "sent a slip" does not equate to Harris receiving the slip. He has not alleged that he spoke with Harris or that Harris ever actually refused to give him a job. Harris did not tell Plaintiff that there are no ADA jobs in dietary. The allegations in the Complaint are not sufficient to show that Harris caused or participated in a constitutional deprivation. *See Pepper v. Village of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005) ("to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Accordingly, Plaintiff's equal protection claim will be dismissed without prejudice.

### Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, the Court has discretion to recruit counsel to represent indigent litigants in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). When deciding whether to recruit counsel for an indigent litigant, the Court must consider (1) whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, and, if so, (2) whether the difficulty of the case exceeds the plaintiff's capacity as a layperson to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 654).

Plaintiff states he has made repeated efforts to obtain an attorney. He discloses communications with two nonprofit organizations but has not provided any unsuccessful attempts to retain an attorneys in private practice. With respect to his ability to pursue this action *pro se*,

---

11-cv-3444, 2012 WL 424854, at *2 (C.D. Ill. Feb. 9, 2012) (dismissing at threshold stage class-of-one claim for denial of job while in detention).

Plaintiff indicates that he has no legal education and a limited knowledge of the law. He also cites his imprisonment and limited law library access as impediments. Nonetheless, the Court finds that Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. The Motion for Recruitment of Counsel (Doc. 3) will be denied.

Plaintiff may renew his request for the appointment of counsel at a later date. If Plaintiff does renew his request, he should give the Court a rejection letter from at least one additional attorney to prove that he has made reasonable efforts to find an attorney on his own.

## Disposition

**IT IS HEREBY ORDERED** that this matter does not survive 28 U.S.C. § 1915A review because the Complaint fails to state a claim upon which relief may be granted. Counts 1 and 2 are **DISMISSED with prejudice**. Count 3 is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is **GRANTED** leave to file a First Amended Complaint *as to Count 3 only* on or before **October 21, 2019**. Should Plaintiff decide to file a First Amended Complaint, he should identify each defendant in the case caption and set forth sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights. A successful complaint generally alleges "the who, what, when, where, and how ...." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Plaintiff should attempt to include the relevant facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. The First Amended Complaint

should comply with Rule 8 and *Twombly* pleading standards.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

If Plaintiff decides to file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 19-cv-00768-NJR). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. See 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

   **IT IS SO ORDERED.**

   **DATED:  September 16, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**