# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN TORRES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 19-cv-768-NJR |
| | ) |
| SCOTT THOMPSON and | ) |
| MRS. MERICER, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Juan J. Torres, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's original Complaint (Doc. 1) alleged that Dietary Supervisor Harris violated his due process and equal protection rights, as well as the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) by failing to provide him with a job in dietary. That Complaint was dismissed for failure to state a claim (Doc. 6), and Plaintiff was granted leave to file an Amended Complaint.

    In his First Amended Complaint (Doc. 7), Plaintiff alleges warden Scott Thompson and counselor Mr. Mericer denied him a job because of his disability. He again asserts claims against the defendants under the Fourteenth Amendment, the ADA, and RA. Plaintiff seeks injunctive relief.

    This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter

out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint: On August 1, 2018, Plaintiff sent a request to counselor Mericer inquiring about possible jobs for Plaintiff, who is wheelchair bound (Doc. 7, p. 7). Mericer responded that Plaintiff could be approved for a porter or laundry position but there were no ADA jobs in dietary (*Id*. at pp. 7-8). Mericer did not mention in the response whether she contacted dietary to inquire about job availabilies (*Id*. at p. 9). On September 9, 2018, Plaintiff filed a grievance about jobs at Pinckneyville. The counselor responded that Plaintiff did not have an approved vote sheet for jobs, and his criminal history prohibited him from any available ADA jobs (*Id*. at p. 8). Warden Thompson, who Plaintiff alleges is responsible for providing ADA services, failed to provide Plaintiff with a job. Plaintiff believes that Thompson and Mericer discriminated against him because he is wheelchair bound and has a criminal history.

## Discussion

Plaintiff's original Complaint alleged claims under the ADA and RA (Count 1), as well as claims for violations of his due process (Count 2) and equal protection (Count 3) rights. Plaintiff's First Amended Complaint indicates that he only seeks to re-allege his equal protection claim in Count 3, but he also alleges that Thompson failed to provide him with services in violation of the ADA. Plaintiff's allegations, however, fail under either claim.

As the Court previously stated, the ADA does not apply to the employment of prisoners (Doc. 6, p. 3). *Starry v. Oshkosh Correctional Institution*, 731 F. App'x 517 (7th Cir. 2018); *Neisler v. Tuckwell*, 807 F.3d 225, 227-28 (7th Cir. 2015). Thus, Plaintiff's allegations fail to state a claim under the ADA and/or RA.

To the extent that Plaintiff seeks to raise an equal protection claim, the allegations in his First Amended Complaint also fail to state a claim. To state a claim for unconstitutional discrimination, the Complaint must show "that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the unprotected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Here, Plaintiff merely states in conclusory fashion that Thompson and Mericer discriminated against Plaintiff because he is wheelchair bound and because of his criminal history. Further, he has not alleged any personal involvement by the defendants in denying Plaintiff a job. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (*quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). He only alleges that Mericer responded to his requests indicating what jobs were available, not that she denied his request for a job. He fails to allege that he spoke to Thompson about his job request or that Thompson denied any requests for jobs made by Plaintiff. Accordingly, Plaintiff again fails to state a claim for violation of his equal protection rights.

This is Plaintiff's second attempt to provide the Court with factual allegations that would state a claim. He fails to offer any facts that would raise his claim to a viable constitutional violation. The Court finds that any additional amendment would be futile. Accordingly, the First Amended Complaint, along with this action, will be **DISMISSED with prejudice**. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

**Disposition**

For the reasons set forth above, Plaintiff's First Amended Complaint (Doc. 7) is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  12/23/2019**

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**